JOHN A. HANSON *vs.* JAMES W. PAIGE & others.

The remedy of a party whose rights are affected by an assignment under the insolvent laws, when the preliminary proceedings are irregular, is by application in equity to this court to arrest the proceedings and set aside the assignment.

A petition by a partnership for the benefit of the insolvent laws must aver the individual insolvency of all the partners.

A petition, in behalf of a partnership, for the benefit of the insolvent laws, which states that "they are indebted" to the amount of $200 "which they are unable to pay in full," sufficiently states the insolvency of the partnership and of the partners individually.

A warrant, issued on the application of a partnership for the benefit of the insolvent laws, which directs the messenger to take possession of all the property "of the said insolvent debtors," is sufficient.

The omission of the messenger to take possession of the separate property of the partners, under a warrant in insolvency, duly issued upon the application of the partnership, is no ground for setting aside the proceedings, after an assignment has been made by the com missioner of all the property of the partnership and of the individual partners.

Proceedings in insolvency against a partnership are not rendered invalid as to the actual partners, by the including of persons who are not partners.

A person not actually a partner, though held out as such, cannot be included in proceedings for the benefit of the insolvent laws, commenced by an actual partner in behalf of the partnership; and this court, on the application of a person thus wrongfully included, will vacate such proceedings, so far as they relate to him.

THOMAS, J. The petition of Hanson sets forth, in substance, that he is a creditor of John W. Blodgett and Watson Gore, Jr. partners under the firm of John W. Blodgett & Co., holding their promissory note, overdue, for $1,260; that, for the purpose of collecting the note, on the 22d of February last he sued out of the clerk's office of the court of common pleas a writ against Blodgett and Gore, and caused personal property of the firm of Blodgett & Co. to be attached; and that James W. Paige and others, claiming to be assignees in insolvency of the said Blodgett & Co., replevied the property so attached, and have given notice to the petitioner that the property attached belongs to them as such assignees, and that they commenced the suit of replevin in discharge of their trust.

The petition further shows that on the 11th of December last John W. Blodgett signed and presented to Charles Demond, Esq. a commissioner of insolvency for the county of Suffolk, an application for the benefit of the insolvent laws; and on the same day the commissioner issued his warrant, directing the

Hanson v. Paige & others.

messenger to take possession of the estate of Blodgett & Co, and to give notice that a meeting of the creditors would be held on the 23d of December. The application, warrant and officer's return thereon are copied in the margin.*

* To Charles Demond, Esquire, commissioner of insolvency within and for the county of Suffolk, and Commonwealth of Massachusetts. Humbly shows, John W. Blodgett, in behalf of himself and S. S. Stone, J. C. Bundy, W. Gore, Jr., A. Goodnow and T. S. Mandell, all of Boston, merchants and copartners under the firm of John W. Blodgett & Company, that they are indebted in divers sums of money, amounting in the whole to not less than two hundred dollars, which they are unable to pay in full; and they wish to surrender all their property, for the benefit of their creditors, and obtain their discharge from their said debts, according to the statutes in this behalf provided. Wherefore he prays that a warrant may be issued for taking possession of their estate, and that such further proceedings may be had in the premises, as the law in such cases prescribes. J. W. Blodgett.

Commonwealth of Massachusetts. Suffolk, ss. In insolvency. Before Charles Demond, Esquire, commissioner of insolvency in and for the said county of Suffolk. In the matter of John W. Blodgett, S. S. Stone, John C. Bundy, W. Gore, Jr., A. Goodnow and T. S. Mandell, all of Boston, merchants and copartners under the firm of John W. Blodgett & Company, insolvent debtors.

To the sheriff of the said county of Suffolk, or either of his deputies. You are hereby required, as messenger, to take possession of all the estate, real and personal, of the said insolvent debtors, excepting such as is by law exempted from attachment, and of all their deeds, books of account and papers, and keep the same safely, until the appointment of an assignee or assignees.

And you are also required to give public notice, by advertisements, to be published twice inside, in the newspapers called the Boston Daily Journal and Daily Advertiser, printed at Boston, the first publication to be made forthwith, 1. That this warrant has issued; 2. That the payment of any debts, and the delivery of any property belonging to the said insolvent debtors, to them, or for their use, and the transfer of any property by them, are forbidden by law; 3. That a meeting of the creditors of the said insolvent debtors will be held at a court of insolvency, at the commissioner's room, in the Court House in Boston, on the twenty-third day of December current, at nine o'clock in the forenoon, for the proof of debts, and the choice of an assignee or assignees. You will also send written notice, within five days after the date hereof, to the creditors of the said insolvent debtors, named on their schedule of creditors to be delivered to you by them within three days after the date hereof, of the time and place of the said meeting. And you will there have this warrant, with your doings thereon.

Witness my hand and seal, this eleventh day of December in the year one thousand eight hundred and fifty four.

CHARLES DEMOND, Commissioner of Insolvency.

The petition further shows that on the 23d of December 1854 a meeting of creditors was held, claims proved, and James W. Paige and others chosen assignees, and an assignment executed to them by the commissioner, of the correctness of which no question is made; and that said assignees called a second meeting, to be holden on the 2d of March, and have otherwise proceeded with the execution of their trust.

The petitioner then states that four of the persons named in the petition of Blodgett were not partners, to wit, Bundy, Stone, Goodnow and Mandell; and avers that the proceedings in insolvency are null and void,

1st. Because it is not alleged and does not appear, in the petition to the commissioner, that the partners individually were insolvent.

2d. Because the warrant did not require the messenger to take possession of the separate estate of the partners.

3d. Because the messenger did not take possession of the separate estate of the partners.

4th. Because Bundy, Stone, Goodnow and Mandell were not partners, and ought not to have been included in the petition.

The prayer is, that the insolvent proceedings be declared null and void, the proceedings stayed, and the assignees injoined and restrained from the further prosecution of their suit of replevin.

To this petition appropriate answers were filed by the assignees, and by Blodgett and Gore.

Under the provisions of § 5 of the *St.* of 1838, *c.* 163, in all suits prosecuted by the assignees for any debt belonging to the insolvent debtor, the assignment made to them by the judge or

---

Suffolk, ss. December 23, 1854. By virtue of this warrant, I have taken possession of all the property of the within named John W. Blodgett & Company, that has come to my knowledge. I have also published the notification, prescribed in this warrant, twice inside in each of the newspapers within mentioned. I further certify that I have sent written notices to each of the creditors named in the schedule returned with this warrant, within five days from the date of said warrant, which schedule was received by me within three days from the date of this warrant. The first publication aforesaid was made on the 11th day of December instant. BENJAMIN F. BAYLEY, Deputy Sheriff.

commissioner is conclusive evidence of their authority to sue as such assignees. This is so, although the prior proceedings may have been defective or erroneous. The remedy of the party aggrieved is by application to this court, sitting in equity, under the provisions of § 18, to arrest the proceedings if they have been irregular, to order an injunction on the assignees in the prosecution of suits at law or other proceedings, and to supersede and set aside the assignment. *Partridge* v. *Hannum*, 2 Met. 569. *Wheelock* v. *Hastings*, 4 Met. 504. *Grant* v. *Lyman*, 4 Met. 470. The petitioner then is rightfully before this court, sitting in equity. The question is, whether the proceedings are defective, and for that cause null and void.

Of the four objections made to the validity of the proceedings, the first only has presented any difficulty. That is, that it was not alleged in the petition that the partners, in their individual capacity, were insolvent.

A preliminary question was made, whether such allegation was necessary. We cannot doubt that there must be a substantial averment of this fact; for if one of the partners were solvent, such solvent partner would have the legal right of settling the affairs of the partnership, and the commissioner would have no power to take by his warrant the partnership property out of his hands. Again; as each partner is liable *in solido* for the debts of the company, a partnership cannot with strictness be said to be insolvent while any of the partners are able to pay its debts.

The petitioner, in behalf of himself and Stone, Bundy, Gore, Goodnow and Mandell, whom he states to be merchants of Boston, and copartners under the firm of John W. Blodgett & Company, sets forth that they are indebted in divers sums of money, amounting in the whole to not less than two hundred dollars, which *they* are unable to pay in full. The suggestion is that the word *they* is to be referred to the company only, and that the allegation therefore only is, that the *firm* is insolvent. If this were so, for the reason before stated, that each partner is liable for the entire debts, an allegation of the insolvency of the firm would seem to include the insolvency of all its members.

But the word *they* is not to be thus restricted. No rule of construction requires or warrants it. The averment is not that the persons named are in their relation as partners indebted. The allegation is more general and comprehensive: "*They* are indebted in divers sums of money, which *they* are unable to pay in full;" that is, which they, in their individual or collective capacity, in all the capacities they have, are unable to pay in full. *They* are indebted in divers sums of money, which *they* are unable from any source to pay. So the averment, that *they* wish to surrender all *their* property, extends to all their property, held in any capacity, which is by law applicable to such payment. "For the benefit of *their* creditors" means for the benefit of the creditors of all of them, and of each and every one of them.

The warrant follows the petition, and is sufficient.

If the service of the warrant was defective, by reason of a failure to take possession of the individual property of the partners, such defect is easily cured. The commissioner's deed has conveyed all the property of the insolvents, partnership and private, to the assignees, and they have full authority to take it and dispose of it, in the execution of their trust.

If the petition, warrant and assignment included persons who were not partners, the proceedings may be stayed as to them, without affecting their validity as to those conceded to be partners.

The case of *Parker* v. *Phillips*, 2 Cush. 175, cited by the petitioner, is wholly unlike the case at bar. That was a petition by one partner, after the dissolution of the firm. The allegation of the partner petitioning was that he, individually, and as such partner, was indebted in divers sums of money which *he* was unable to pay in full. There was no allegation that the firm was insolvent, or that the other partner was insolvent. One partner, of course, may be insolvent, though the firm be solvent, though the converse of the proposition is not true.

The case of *Dearborn* v. *Keith*, 5 Cush. 224, was a petition presented, not only after the dissolution of the partnership, but after another petition had been filed, and proceedings instituted

under it, by which the individual property of the petitioner, and the partnership property in his hands, had been taken. The fatal defect in the petition was, that it asked to surrender only the property of the firm for the benefit of the creditors. It neither alleged in terms that the other partner was insolvent, nor asked to have his property taken. The proceedings under this second petition were superseded on two grounds—the defect in the petition; and the conflict and confusion of rights which would necessarily result, if both processes were suffered to go on at the same time.                                    *Petition dismissed.*

*J. W. Hubbard,* for the petitioner.

*A. H. Fiske,* for the assignees of Blodgett & Co.

*B. F. Brooks,* for J. W. Blodgett & W. Gore, Jr.


Several petitions were presented to this court, by Bundy at the last November term, and by Goodnow and Mandell at this term, praying that the proceedings in insolvency in the case of John W. Blodgett & Co. might be vacated, so far as related to the petitioners, upon the ground that they were not partners in the firm, within the meaning of the insolvent laws. Upon the hearings on these petitions, it appeared that each of the petitioners was employed by Blodgett & Co. under a written agreement, by which he was to be allowed by them a certain percentage " of the profits or net earnings of their business," which Blodgett & Co. agreed, in the cases of two of the petitioners, should not be less than a certain sum; and that the petitioners had been held out to the world as partners, and had their names on the sign of the firm. On each of these petitions the court passed an order, at the term at which it was presented, vacating the proceedings in insolvency, so far as related to the petitioner, on the ground that the petitioners were not partners with Blodgett & Co. *inter sese,* and therefore not subject to be included in proceedings in insolvency commenced · by one of the actual partners.